**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2951-18T2

CRESTWOOD VILLAGE 5
COMMUNITY ASSOCIATION,
INC.,

      Plaintiff-Respondent,

v.

RAKESH J. RAJPOOT and
SANGEETA RAJPOOT,

      Defendants-Appellants,

and

CHRISTOPHER GALKA and
DONNA GALKA,[1]

      Defendants.

_____

Submitted January 28, 2020 – Decided March 16, 2020

Before Judges Yannotti and Currier.

---

[1] In its complaint, plaintiff asserted claims against the Galkas. The record does not disclose whether plaintiff pursued those claims or how the claims were resolved.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. C-000157-18.

Rakesh Rajpoot and Sangeeta Rajpoot, appellants pro se.

Gregory Xander Voorhees, attorney for respondent.

PER CURIAM

Defendants, Rakesh Rajpoot and Sangeeta Rajpoot, appeal from the February 15, 2019 order granting summary judgment to plaintiff. We affirm.

Plaintiff is an age-restricted residential development for individuals over fifty-five years old. Defendants purchased a unit in 2014 which they intended to use as a rental property – at the time, there were tenants in the unit, a sixty-three-year-old woman and her two adult daughters.

Under plaintiff's governing by-laws, only one child over nineteen years old could reside with a fifty-five-year-old parent in the unit. Upon defendants' purchase of the unit, plaintiff advised defendants they could keep the three tenants until the lease ended in September 2015. After that, any tenancy would have to comply with the by-laws.

Plaintiff informed defendants on October 1, 2015 that only one adult child could live in their unit. Thereafter, defendants revised their lease, evicting one

of the daughters effective January 1, 2016. Defendants, who lived out of state at that time, allege they were unaware the daughter did not move out.

In 2017, plaintiff filed an action against defendants for the removal of the underage tenants. Without opposition, the court entered an order on April 28, 2017, compelling the removal of the underage occupants residing at the property no later than May 30, 2017 and awarding attorney's fees and costs.

On May 10, 2017, the court entered judgment awarding attorney's fees and costs to plaintiff in the amount of $1858.18. Defendants did not oppose, move for reconsideration, or appeal the judgment. The judgment was not paid.

Under authority of the by-laws, plaintiff also assessed a fine against defendants of $10 for each day that an unauthorized tenant resided at the property – from October 1, 2015 to June 1, 2017. Because the tenants had fallen behind in their rent payments, defendants filed an eviction action, and the tenants were ordered to leave the property on July 14, 2017. Plaintiff agreed not to assess fines against defendants from June 2 to July 14, 2017.

In July 2017, defendants wrote a letter to plaintiff, explaining the situation with the tenants and their assumption that one adult daughter had moved out.

A-2951-18T2

Defendants asked plaintiff to waive the judgment and other outstanding fees totaling $8680.[2]

In response, plaintiff advised it would agree to waive half of the violation fines if defendants paid the remaining balance of $5568.83. Plaintiff also advised defendants the property could not be re-rented until the account was paid in full.

When defendants did not respond to the letter, plaintiff reiterated its proposal on August 11, 2017, again offering a waiver of half of the violation fines if the account was fully paid. Again, defendants did not respond. A final demand for payment for the full balance of $8703.33 was sent on September 21, 2017.[3]

---

[2] The parties disagree about the balance. Defendants requested plaintiff waive $8680. Plaintiff listed the balance as $8773.33. The discrepancy appears to be a difference in the attorney's fees amount; plaintiff lists the amount as $2291.33; defendants state it is $2271. The parties do not dispute the other charges: $58 in maintenance fees, $15 in late fees, or $6409 in violation fines. Ibid.

[3] In the interim, maintenance fees had increased to $68 and late fees increased to $45. This letter listed the attorney's fees as $2181.33.

On February 25, 2018, defendants submitted a request to plaintiff to lease the unit to defendants Christopher and Donna Galka, and to waive all fines and half of the attorney's fees; plaintiff denied this request.

Notwithstanding, defendants rented the property to the Galkas in March 2018. They did so without obtaining plaintiff's approval, paying the required $250 lease rider fee, completing a form required under the Housing for Older Persons Act (HOPA),[4] or providing a certificate of occupancy as required by the municipality.

All of these requirements, set forth in the by-laws, were to be completed prior to an owner leasing its unit. Because of the improper rental of the unit, plaintiff resumed the assessment of fines against defendants of $10 per day, commencing March 30, 2018.

In May 2018, plaintiff informed defendants and the Galkas that the monthly rent should be paid to plaintiff to satisfy the May 2017 judgment and outstanding fees. This remedy was authorized under a rider to the lease executed by defendants and the Galkas. The Galkas vacated the property on July 20, 2018.

---

[4] 42 U.S.C. § 3607(b)(2)(C).

A-2951-18T2

On August 9, 2018, plaintiff filed a complaint and order to show cause against defendants, seeking payment of the judgment and all outstanding fines and penalties. On September 14, 2018, the court denied the order to show cause without prejudice and ordered the parties to participate in discovery.

In January 2019, plaintiff filed a motion for summary judgment and for entry of a judgment for the outstanding fees and penalties, and to enforce the May 2017 judgment. Defendants opposed the motion.

On February 15, 2019, the trial court heard oral argument on the motions.[5] In an oral decision, the court denied defendants' motion to vacate the May 2017 default judgment as it was untimely. The issue whether defendants violated the by-laws in renting their property to the initial tenants had been determined in 2017. Defendants had not presented any evidence to support vacating the judgment.

In addressing the summary judgment application, the court found there was no genuine dispute as to any material fact that defendants violated the by-laws in failing to complete the proper paperwork for the Galkas, and to comply

---

[5] During oral argument, the court referred to a cross-motion filed by defendants for money damages and to vacate default. The court denied the motion in the February 15, 2019 oral decision. Defendants have not appealed from that order.

6

with the requirements of the by-laws regarding leasing the unit. Therefore, the court granted plaintiff's motion for summary judgment and entered a judgment against defendants in the amount of $13,411.09 for outstanding maintenance fees, violation fines, late fees, and attorney's fees.[6]

On appeal, defendants assert the court erred in granting summary judgment because plaintiff did not follow the procedures to assess fines contained in its by-laws. Specifically, defendants contend plaintiff failed to provide a copy of the by-laws, denied defendants' request for a hearing, and failed to give notice of the assessment of fines and penalties.

The trial court correctly refused to consider any claims regarding the fines and penalties incurred because of the original tenants. Those disputes were previously litigated and resulted in a judgment entered in May 2017. Defendants did not appeal from that judgment or from the denial of their motion to vacate the judgment.

In our de novo review of an order granting summary judgment, we apply the same standard as the trial court. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019) (citations omitted). Summary judgment must be granted "if the

---

[6] Plaintiff presented a December 2018 statement account for defendants' property, listing unpaid amounts of $145 in maintenance fees, $8239 in violation fines, $93 in late fees, and $4934 in attorney's fees, totaling $13,411.09.

pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). To determine whether there was a genuine issue of fact, we "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995).

Here, defendants did not raise a genuine dispute as to any material fact pertaining to the alleged violation of the by-laws. They did not dispute they had not timely obtained or provided the required documentation or followed the by-law's procedures for the lease of their unit.

Defendants do challenge the amount of the February 15, 2019 judgment. However, they did not raise that issue before the trial court – they did not argue there was any error in the calculation of the fees and penalties. Because defendants did not raise this issue before the trial court, we do not consider it here. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (citation omitted). To the extent defendants contest the assessed fines and counsel fee

award in the original tenant action, as stated, those are arguments pertaining to the May 2017 judgment, which was not appealed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2951-18T2